**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4653

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

AARON LEWIS,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore. J. Frederick Motz, District Judge. (CR-
04-119)

Submitted: August 19, 2005          Decided: October 5, 2005

Before WILLIAMS and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

James Wyda, Federal Public Defender, Gary W. Christopher, First
Assistant Federal Public Defender, Martin G. Bahl, OFFICE OF THE
FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Appellant.
Thomas M. DiBiagio, United States Attorney, John F. Purcell, Jr.,
Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Aaron Lewis appeals his thirty-month sentence imposed after he pled guilty to being a felon in possession of a semi-automatic firearm, in violation of 18 U.S.C. § 922(g)(1) (2000). Citing Blakely v. Washington, 542 U.S. 296 (2004), Lewis contends that the district court erred in sentencing him under a mandatory Sentencing Guidelines scheme. He also has filed a motion to remand for resentencing, relying on United States v. Booker, 125 S. Ct. 738 (2005), which the government does not oppose. Lewis does not challenge his conviction on appeal. We affirm Lewis' conviction, grant the motion to remand, vacate the sentence, and remand for further proceedings.[1]

Lewis asserts that he should be resentenced in light of Booker because the district court sentenced him under the mandatory Sentencing Guidelines scheme. In United States v. White, 405 F.3d 208 (4th Cir. 2005), we held that treating the Guidelines as mandatory constitutes error under Booker. See id. at 216-17. Because Lewis preserved this error for our review, we must reverse unless the government demonstrates that the error is harmless. See Fed. R. Crim. P. 52(a) ("[A]ny error . . . that does not affect substantial rights must be disregarded."); White, 405 F.3d at 223

---

[1]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Lewis' sentencing.

(discussing difference in burden of proving that error affected substantial rights under harmless error standard in Rule 52(a) and plain error standard in Fed. R. Crim. P. 52(b)).  Our review of the record as a whole leads us to conclude that the government has not met its burden of demonstrating that the error in sentencing Lewis under a mandatory Sentencing Guidelines scheme did not affect his substantial rights.  See White, 405 F.3d at 223.  Thus, the error is not harmless.

Accordingly, we grant Lewis' motion to remand, vacate the sentence, and remand for further proceedings.[2]  We also affirm Lewis' conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

[2]Although the Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  125 S. Ct. at 767 (Breyer, J., opinion of the Court).  On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. Hughes, 401 F.3d at 546.  If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2) (West 2000 & Supp. 2005).  Hughes, 401 F.3d at 546.  The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 547.

- 3 -